*Ramos-Palacios v. Garland*

BIA
Gordon, IJ
A205 920 007

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of May, two thousand twenty-four.

**PRESENT:**
> **RAYMOND J. LOHIER, JR.,**
> **RICHARD J. SULLIVAN,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

**MARISOL DE JESUS RAMOS-PALACIOS,**
> *Petitioner,*

> **v.**                                              **22-6235**
>                                                     **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**            Perham Makabi, Esq., Kew Gardens, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Anthony J. Nardi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marisol de Jesus Ramos-Palacios, a native and citizen of El Salvador, seeks review of an April 20, 2022 decision of the BIA affirming a May 29, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramos-Palacios*, No. A 205 920 007 (B.I.A. Apr. 20, 2022), *aff'g* No. A 205 920 007 (Immigr. Ct. N.Y.C. May 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.     Asylum and Withholding of Removal**

To establish eligibility for asylum, Ramos-Palacios had to show that she suffered past persecution or had a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for that persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(1), (2).   To qualify for withholding of removal, she similarly had to establish a "clear probability," *Y.C. v. Holder*, 741 F.3d 324, 333 (2d Cir. 2013), of persecution based on "race, religion, nationality, membership in a particular social group, or political opinion," 8 C.F.R. § 1208.16(b).   Although Ramos-Palacios argues that the "one central reason" requirement for asylum should not extend to her withholding claim, we defer to the BIA's conclusion that this standard applies to both forms of relief.   *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022).

Substantial evidence supports the agency's conclusion that Ramos-Palacios failed to demonstrate that "one central reason" she was targeted for gang extortion was her membership in a particular social group consisting of Salvadoran women,

3

Salvadoran women without male protection, or the nuclear family of her late husband. General crime and violence in a country is not a stated ground for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). But the gang that threatened Ramos-Palacios originally targeted her husband, and there is no evidence that they did so for any reason other than that, as a business owner, he appeared to be a lucrative target for extortion. The gang appeared to be driven by the same financial motives—as opposed to a desire to persecute—when it redirected those extortion threats to Ramos-Palacios after her husband died. Moreover, the fact that the threats originally were directed to her husband undercuts her claim that she was targeted because of her gender, and there was no evidence that the gang harbored any animosity toward her husband or family beyond its financial interest in forcing them to pay extortion. *Cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering

4

those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

**II.    CAT**

A CAT applicant has the burden to establish that she will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity."   8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).   To establish acquiescence, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."   *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

The agency found that Ramos-Palacios failed to demonstrate that she was likely to be tortured or that such torture would be by or with the acquiescence of the Salvadoran government.   The agency emphasized that Ramos-Palacios never informed the government of the extortion demands, she was not threatened during the period she lived at her mother's house, and she did not otherwise show

5

that the government would be unable to protect her. When "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).

Ramos-Palacios does not specify facts or evidence that would have satisfied her burden for CAT protection, and our review of the record—including background evidence showing widespread gang violence and that government efforts to curb that violence have been hobbled by corruption—does not reveal evidence compelling a conclusion contrary to the agency's. *Cf. id.* at 593–94 (finding that the record did not compel the conclusion that the Salvadoran government would acquiesce to gang torture where the petitioner had not reported prior gang assaults to the government, and country conditions evidence showed that gang violence persisted—including instances of involving police misconduct—but also that the government was taking steps to combat gang violence); *see also Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim). Contrary to Ramos-Palacios's argument, there is no indication that the agency overlooked the background evidence in finding that she

failed to satisfy her burden for CAT relief, given the IJ's statement that all evidence had been considered and the discussion of claims based on widespread gang violence.[1]  *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We note that Ramos-Palacios does not mention her allegations about events after she left El Salvador in her brief here, and any argument that the agency failed to adequately address that aspect of her claim is thus abandoned.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).